DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM

### January, 1889.

---

FREDERICK WAGNER, Appellant, v. JOHN H. PERRY, Respondent.

*What facts justify the cancellation of a notice of pendency of action, because of unreasonable neglect and refusal to proceed in the action.*

A notice of pendency of action was filed in an action, brought to recover money paid by the plaintiff to the defendant on account of the purchase by the former of a house and lot, and for moneys paid by the plaintiff for examining the title of the said premises in a case in which a judgment dismissing the complaint was entered in August, 1887, which was affirmed at the General Term in March, 1888. The plaintiff, although requested to do so by the defendant, refused to take an appeal to the Court of Appeals.

Upon an appeal from an order canceling and discharging such notice of *lis pendens* from the records of the county clerk's office.

*Held*, that it was evident that the sole object of the plaintiff, in filing his notice of pendency of action, was to harass and annoy the defendant and tie up his property; and that his neglect and refusal to take an appeal from the judgment of the General Term to the Court of Appeals, as he was by the defendant's attorney requested to do, was unreasonable, and that he, therefore, brought himself within the provisions of section 1674 of the Code of Civil Procedure, authorizing the court to cancel a notice of *lis pendens* where the plaintiff unreasonably neglects and refuses to proceed in the action.

APPEAL from an order of the New York Special Term, entered in the office of the clerk of the city and county of New York, on August 5, 1887, canceling and discharging upon the records of the county clerk's office the notice of pendency of this action.

*Chas. Miehling,* for the appellant.

*J. R. Marvin,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover $250 paid by the plaintiff to the defendant on account of the purchase by the former of a house and lot in this city, and $120.31 money paid by plaintiff for examining the title to said premises, with interest.

At the time of the commencement of the action, a notice of *lis pendens* was filed in the office of the clerk, etc. The action was tried in July, 1887, and judgment entered in August, 1887, dismissing the plaintiff's complaint. The plaintiff appealed to the General Term, where the judgment was affirmed and judgment of affirmance entered on the 9th of March, 1888. At the time of making this motion, namely, June, 1888, the plaintiff had not appealed to the Court of Appeals, and had refused to take such appeal, the defendant having requested him so to do in order that he might move to dismiss the same, claiming that the action was not appealable to the Court of Appeals, without leave of the General Term. The defendant thereupon moved for an order canceling the notice of *lis pendens,* which motion was granted, and from the order entered thereon this appeal is taken.

By section 1674 of the Code it is provided that if the action was stayed, discontinued or abandoned, or final judgment rendered against the party filing the notice, and the time to appeal has expired, or if a plaintiff filing the notice unreasonably neglects to proceed in the action, the court may direct that the notice be canceled.

Under the facts above stated, it is clear that the sole object of the plaintiff, by his notice of pendency of action, was to harass and annoy the defendant and tie up his property, and that his neglect and refusal to take the appeal, as requested by the defendant's attorney, was unreasonable, and he, therefore, brought himself within the provisions of the Code, authorizing the court to cancel the notice where a plaintiff unreasonably neglects and refuses to proceed in the action.

The order should be affirmed, with costs.

DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with costs.