### LENNON *v.* STILES.[1]

*(Supreme Court, General Term, First Department.  May 24, 1889.)*

**1. SPECIFIC PERFORMANCE—EVIDENCE.**

In an action to enforce specifically a contract of exchange, evidence of a conversation between defendant's agent, who negotiated the contract, and a proposed purchaser of one of the houses which plaintiff was to convey to defendant, is competent to show the circumstances under which a contract with such purchaser was induced, as inducing defendant to contract with plaintiff, though the latter was not present when the conversation occurred.

**2. SAME.**

Evidence of a conversation between defendant and her agent, who negotiated the contract, is competent to show what was stated to her to induce her to sign the contract, and her instructions concerning its delivery.

**3. SAME.**

Evidence is admissible on behalf of defendant as to the cost of plaintiff's houses, and the rent they produced, as bearing on the question as to whether the contract was unconscionable.

**4. SUFFICIENCY OF EVIDENCE.**

Where defendant's agent testifies that he told a third person that he declined an offer for an even exchange of the property, and it appears that the third person was entitled to act as plaintiff's agent, a finding that defendant's agent declined such an offer is warranted.

**5. SAME.**

A finding that plaintiff had a desk with a certain firm is warranted when a member of the firm testifies to that fact, and it appears that plaintiff had a sign at the firm's office.

**6. HARMLESS ERROR.**

The admission of immaterial evidence which is harmless is not ground for new trial.

Appeal from special term, New York county.

Action by William F. Lennon against Mary A. Stiles, for specific performance of a contract by defendant to exchange a house and lot to plaintiff for

[1] Affirming 4 N. Y. Supp. 487.

two houses and lots. The contract was negotiated, on behalf of defendant, by her agent, Cornwall, who had the conversation with Stern, the proposed purchaser, in plaintiff's absence. The complaint was dismissed, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and CULLEN, J.

*Maclay & Forrest*, (*E. L. Spink*, of counsel,) for appellant. *Robert B. Alling*, for respondent.

VAN BRUNT, P. J. An examination of the evidence in this case shows that the conclusion arrived at by the court below, that it would be inequitable to decree a specific performance of the contract upon which this action is founded, was entirely correct, for the reason stated in the opinion of the court below, and it is not necessary in the disposition of this appeal to rehearse the grounds which have been so well stated in that opinion. It is necessary, however, to consider some exceptions which were taken, and which are pressed upon our attention upon this appeal.

Objection was taken to the evidence offered in regard to an interview with Mr. Stern, a proposed purchaser of one of these houses, when the plaintiff was not present. This conversation was entirely competent for the purpose of showing the circumstances under which the contract with Stern was entered into, and the inducements which led thereto. It was part and parcel of the whole transaction, and whether the plaintiff was present or not was entirely immaterial, as it was competent to show the circumstances under which the defendant or her agent acted.

The evidence as to the conversation between Mr. Cornwall and the defendant was entirely competent, as the defendant had a right to show what was stated to her, at the time of her signing this contract, for the purpose of inducing her so to do, and the instructions that she gave in regard to its delivery. Merely because a person is intrusted with a contract which has already been signed does not necessarily show that he is authorized to complete the execution of it by delivery, and the defendant had a right to show that Mr. Cornwall had no right to deliver the contract, or under what circumstances he was authorized so to act.

The conversation with Mr. Stern, to which the next exception is pointed, was entirely immaterial, but it did the plaintiff no damage, and is no reason for the granting of a new trial. The defendant had a right to show what the houses cost, and what rent was procured, for the purpose of giving to the court some idea of the value of the premises, which was an important consideration, in view of the circumstances which surrounded the entering into this contract.

The exception to the fourth finding of fact, that Cornwall declined to receive an offer for an even exchange of the property, is not well founded. It is urged that Cornwall swears to having only told Mr. Thain this fact, and Mr. Thain nowhere testifies that he told the plaintiff anything of the kind; but it appears from the evidence that Mr. Thain in this transaction was entitled to act as the agent of the plaintiff, and the evidence clearly was sufficient to support the finding.

The fifth finding, to which exception is taken, that, in order to induce Cornwall to enter into the contract, plaintiff made certain statements, is evidently supported by the evidence, because, as already stated, Thain was the agent of the plaintiff, and was authorized by the plaintiff to make representations in respect to this property; and this evidence seems to have been ample to justify the court in making the finding. The criticism in regard to the language of the finding, in that it states that the plaintiff represented that he had frequently been offered $23,500 apiece for the houses, and had frequently refused the same, may have more foundation in fact, because the evidence is not distinct upon this point that the plaintiff stated he had been more

than once offered $23,500 apiece for the houses, and had refused the same, although the evidence shows that Mr. Thain, the plaintiff's agent, represented to Cornwall that the plaintiff had told him that he had been offered $23,500 for one of the houses; and it appears, also, from the testimony, that the plaintiff swore that he had had several offers of this kind, and refused the same. It is immaterial to the force of the finding whether the plaintiff represented that he had one such offer or several.  The balance of the finding is certainly sustained by the evidence both of Thain and Cornwall.  It is true the plaintiff denies the representation, but the probabilities seem to be in favor of the truth of the finding.

The sixth finding, to which exception is taken, that the plaintiff had a desk with Darling & Schwannecke, is also supported by evidence, Mr. Schwannecke swearing distinctly that the plaintiff had desk-room in their office; and it appears conclusively that he had a sign there.  If the counsel had read the evidence in this case, he would not have made the statement, which appears in his brief, that this portion of the finding is absolutely unsupported by any evidence, and that it was simply imported from an unverified answer.  Counsel, in the preparation of their points upon facts, should be a little more careful in making strong statements of this kind which are contrary to the truth. The seventh finding excepted to is amply supported by the proof.

The conclusion in the eight finding, that Stern was put forward as a *bona fide* purchaser, when, in reality, he was not, was a fair deduction from the evidence.  The ninth finding is also equally well sustained; and the tenth, eleventh, and twelfth findings may also fairly be derived from the evidence.

There is nothing in these exceptions which would call upon the court to reverse the judgment.  The defendant's agent, beyond question, was allured into making this contract by the holding out by the plaintiff and his duly-authorized agent of inducements which could not be realized, and thus induced to enter into this inequitable contract which it is sought now to have specifically performed, and also to violate the instructions expressly given to him in regard to the delivery of the contract, which he was bound to obey, and which affected his authority to act as the agent of the defendant.

The judgment should be affirmed, with costs.

CULLEN, J., concurs.