### LENNON v. STILES.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

LIS PENDENS—CANCELLATION OF NOTICE.

    Under Code Civil Proc. N. Y. § 1674, providing that, if a plaintiff who has filed a notice of pendency of action neglects unreasonably to proceed, the court may order the notice canceled, an order of cancellation is properly made when the application shows a judgment of dismissal voluntarily entered by plaintiff, an affirmance of the judgment rendered against him, and prejudice to defendant arising from the continuance of the notice uncanceled.

Appeal from special term, New York county.

Action by William F. Lennon against Mary A. Stiles. Plaintiff appeals from order canceling notice of pendency of action.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*James Kearney,* for appellant. *R. B. Alling,* for respondent.

BRADY, J. This action was brought to enforce specific performance of an alleged contract for the exchange of real estate. It was tried before Justice INGRAHAM, and decided in favor of the defendant. By the decision the learned justice (see report of opinion, 4 N. Y. Supp. 487) determined to refuse a judgment of specific performance, leaving the plaintiff to his remedy at law, and giving him the opportunity, if he desired to avail himself of it, of entering a judgment dismissing the complaint, without costs. The plaintiff availed himself of that privilege, and then appealed from the judgment. The point arising upon that circumstance does not appear to have been presented, (see report of general term opinion, 5 N. Y. Supp. 870;) but it seems quite clear that the plaintiff, having availed himself of a favor granted by the court, viz., the discontinuance of the action without payment of costs, could not maintain an appeal. If there be any doubt, however, about that, the fact that the judgment was affirmed, taken in connection with the provisions of section 1674 of the Code, was quite sufficient not only to justify, but to require, in the proper administration of justice, the cancellation of the notice. The section

just mentioned expressly provides that after an action is settled, discontinued, or abated, etc., the court may, in its discretion, upon the application of any person aggrieved, upon notice, direct that such notice be canceled of record. See, also, *Wagner* v. *Perry*, 3 N. Y. Supp. 880. The application upon the part of the defendant established the fact that the continuance of the notice was prejudicial to his interests, and an obstacle in the successful use of his property; and that justly called into exercise the discretion conferred by the section stated. The application presented to the court had these features, viz., a judgment of dismissal voluntarily entered by the plaintiff as matter of choice, an affirmance of the judgment rendered against him by the appellate court, and prejudice to the defendant arising from the continuance of the notice uncanceled. Under these circumstances, the order appealed from was decidedly proper, and it should be affirmed, with $10 costs and disbursements.

All concur.